UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
COREY FORD,  
        Petitioner,

v.

JOSEPH T. SMITH,  
        Respondent.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

12 CV 8993 (VB)

Briccetti, J.:

    Pending before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated August 5, 2016 (Doc. # 72), on Corey Ford's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    After a jury trial, petitioner was convicted in Dutchess County Court of various felony assault and weapons possession charges arising from an incident in which petitioner, then an inmate at Green Haven Correctional Facility, stabbed and threw hot oil in the face of a corrections officer.  The court adjudicated petitioner as a persistent violent felony offender and sentenced him to an aggregate indeterminate term of imprisonment of 22 years to life.  The Appellate Division, Second Department, affirmed the conviction, People v. Ford, 91 A.D.3d 968 (2d Dep't 2012), and leave to appeal to the Court of Appeals was denied.  Petitioner also filed a number of post-trial and post-conviction motions, all of which were denied.

    Petitioner now contends his conviction and sentence were unlawful because (i) the prosecution committed a Brady violation and he was prejudiced thereby; (ii) his trial counsel did not provide effective assistance; (iii) the evidence of assault in the first degree was legally insufficient; and (iv) his adjudication as a persistent violent felony offender deprived him of due

1

process.[1]

Judge Smith recommended denying the petition.

The Court agrees with that recommendation. Accordingly, for the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

**DISCUSSION**

I.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers

---

[1] Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for resolution of petitioner's objections.

liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act, when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

II.     Objections

Petitioner filed what he described as "timely objections" to the R&R (Doc. #75), although for the most part this submission merely reiterates petitioner's original arguments. However, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R and the underlying record de novo. Having done so, the Court finds no error, clear or otherwise, in Judge Smith's thorough and well-reasoned R&R.

Regarding the alleged Brady violation, petitioner objects to Judge Smith's finding that the Appellate Division's rejection of the Brady claim was neither contrary to nor an unreasonable application of Supreme Court precedent. (Doc. #75, at 3-6). Judge Smith concluded the grievance reports at issue were not exculpatory in nature and were otherwise inadmissible at trial either as direct evidence or to impeach the victim corrections officer. (R&R, at 12-13). For the reasons set forth in the R&R, the Court agrees the Brady claim must be denied.

As to the ineffective assistance of trial counsel claim, petitioner argues Judge Smith made "unsound conclusory decisions without the benefit of an evidentiary hearing."  (Doc. #75, at 8). But Judge Smith's conclusion that the state courts' rejection of the ineffectiveness claim "was not contrary to or an unreasonable application of" Strickland v. Washington, 466 U.S. 668 (1984) (R&R, at 21), was founded on the correct findings that the grievance reports were not admissible at trial; whether a grievance report was found on a desk or in a garbage can was not probative of any defense at trial; the claim that trial counsel failed to call certain witnesses was procedurally barred and otherwise meritless; the claim that trial counsel had a conflict of interest and went to trial without any defense was procedurally barred; and the claim that counsel should have subpoenaed the victim's mental health records is both unexhausted and plainly meritless. (R&R, at 21-30).  Therefore, an evidentiary hearing was neither necessary nor appropriate.  For the reasons set forth in the R&R, the Court agrees the ineffective assistance of trial counsel claim must be denied.

In challenging Judge Smith's conclusion that petitioner's legal insufficiency claim is procedurally barred because he failed to raise it on direct appeal, and that petitioner failed to allege, let alone establish, cause for the default or prejudice resulting therefrom or that a miscarriage of justice will occur if the Court fails to consider this claim (R&R, at 14), petitioner appears to assert, for the first time, a claim of ineffective assistance of appellate counsel.  (Doc. #75, at 9).  This attempt to amend the petition is rejected as plainly untimely, and in any event such an ineffective assistance of appellate counsel claim is unexhausted.  The legal insufficiency claim must be denied for the reasons set forth in the R&R.

Finally, Judge Smith found petitioner's claim that his adjudication as a persistent violent felony offender was improper and deprived him of due process is both unexhausted – its federal

nature was never presented to the state courts – and plainly meritless.  (R&R, at 14-21). Petitioner's "objection" merely reiterates his prior arguments.  (Doc. #75, at 10-12).  The Court finds no error, clear or otherwise, in Judge Smith's recommended ruling.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: January 3, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge