UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

COREY FORD,

                       Petitioner,

        -against-

JOSEPH T. SMITH,

                       Respondent.

---------------------------------------------------------------

7:12-CV-8993 (VB)

TRANSFER ORDER

VINCENT L. BRICCETTI, United States District Judge:

        By order dated December 15, 2020, the Court recharacterized Petitioner's "Memorandum of Law Rule 60(b) Motion" ("motion") (ECF 80) as a second or successive petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF 82.) The Court directed Petitioner, who appears *pro se*, to show cause by January 15, 2021, why the Court should not transfer the motion to the United States Court of Appeals for the Second Circuit as a second or successive § 2254 petition. (*Id.*) On January 21, 2021, the Court received Petitioner's response to the Court's order, which Petitioner styled as an "Addendum." (ECF 83.) Petitioner does not give sufficient reasons in the Addendum not to transfer his motion. The Court therefore transfers the motion to the Second Circuit as a second or successive § 2254 petition. *See* 28 U.S.C. §§ 1631, 2244(b)(3)(A); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).[1]

---

[1] To obtain authorization from the Court of Appeals for this Court to consider a second or successive § 2254 petition, a petitioner must show the Court of Appeals that: (A) his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(A), (B)(i)-(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. In the interest of justice, the Court transfers Petitioner's motion (ECF 80) to the United States Court of Appeals for the Second Circuit as a second or successive § 2254 petition. *See* § 1631; *Liriano*, 95 F.3d at 122-23. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this action under docket number 7:12-CV-8993 (VB).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 12, 2021
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge